IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACHRAF SALIM ABDESSALAM, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-01761 ESH |
| ) | |
| GEORGE W. BUSH, DONALD ) | |
| RUMSFELD, REAR ADM. HARRY B. ) | |
| HARRIS JR., and ARMY COL. ) | |
| WADE F. DAVIS, ) | |
| ) | |
| *Respondents*. | |

**PETITIONER'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY IN SUPPORT
OF HIS MOTION FOR ENTRY OF A PROTECTIVE ORDER**

In further support of his Motion for Entry of A Protective Order, Petitioner Achraf Salim Abdessalam respectfully seeks leave to bring to the Court's attention the Hon. Ricardo Urbina's recent decision in *Al-Zarnouqi v. Bush, et al.*, No. 06-cv-01767 (RMU) (D.D.C.) (order entered December 4, 2006). A copy of this order is attached hereto as Exhibit A.

Like Mr. Abdessalam's habeas petition, the petition in *Al-Zarnouqi* was filed after the DTA was passed. Judge Urbina entered the same protective order that Petitioner seeks in this case. In entering the order, Judge Urbina considered and rejected the same argument that the Respondents have raised in opposition to Mr. Abdessalam's Motion for Entry of A Protective Order, namely that because of the DTA and MCA, courts of this District lack jurisdiction to consider habeas petitions, like Petitioner's, filed after December 30, 2005.

- 2 -

    Respectfully submitted,


/s/ Thomas P. Sullivan
Thomas P. Sullivan
One of the Attorneys for Petitioner
    Illinois Bar No. 2773112

Douglas A. Sondgeroth
    Illinois Bar No. 6278486

JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel.: (312) 222-9350
Fax.: (312) 527-0484
Email: tsullivan@jenner.com


Of Counsel
Barbara Olshansky
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY  10012
Tel: (212) 614-6439
Fax: (212) 614-6499

Dated: December 15, 2006

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing document to be served by the ECF System on the following person this 15th day of December, 2006:

>James C. Luh
>U.S. Department of Justice
>20 Massachusetts Avenue, N.W.
>Washington, DC 20530
>james.luh@usdoj.gov

I certify that I caused a true and correct copy of the foregoing document to be served via first-class United States Mail and via email this 15th day of December, 2006 on the following persons:

>Terry Marcus Henry
>Andrew Warden
>Preeya Noronha
>U.S. Department of Justice
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20530
>Email: terry.henry@usdoj.gov
>Email: andrew.warden@usdoj.gov
>Email: preeya.noronha@usdoj.gov

>  /s/ Thomas P. Sullivan
>Thomas P. Sullivan
>One of the Attorneys for Petitioner
>   Illinois Bar No. 2773112
>JENNER & BLOCK LLP
>330 N. Wabash Avenue
>Chicago, IL 60611
>Tel.: (312) 222-9350
>Fax.: (312) 527-0484
>Email: tsullivan@jenner.com

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED AL-ZARNOUQI *et al.*,          :
                                        :
        Petitioners/                    :
        Plaintiffs,                     :        Civil Action No.:    06-1767
                                        :
        v.                              :        Document No.:        6
                                        :
GEORGE W. BUSH *et al.*,                :
                                        :
        Respondents/                    :
        Defendants.                     :

# MEMORANDUM ORDER

### Granting the Petitioners' Motion for Entry of a Protective Order; Staying the Case; and Ordering 30 Days' Notice of Any Intent to Move the Petitioners

This matter comes before the court on the petitioners' motion for entry of a protective order establishing procedures for access to counsel by detainees in Guantanamo Bay, Cuba ("GTMO"). The petitioners are Yemenese citizens classified as enemy combatants and detained at GTMO. Pet. for Writ of Habeas Corpus at 2. The respondents oppose the motion, arguing that this court does not have jurisdiction to consider habeas petitions filed after December 30, 2005. Specifically, the respondents argue that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, ("DTA") and the Military Commissions Act of 2006, Pub. L. No. 109 --- ("MCA"), when read together with the Supreme Court's decision in *Hamdan v. Rumsfeld*, 548 U.S. --- (2006), divest this court of jurisdiction over habeas petitions filed after the enactment of the DTA. Resps.' Opp'n at 2-4. For the reasons that follow, the court grants the petitioners' motion for entry of the protective order, stays the case, and orders 30 days' notice of any intent to move the petitioners.

The DTA amended the federal habeas statute, 28 U.S.C. § 2241, by adding language giving the D.C. Circuit Court of Appeals "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant." DTA § 1005(e). In other words, the DTA purports to eliminate this court's jurisdiction over the habeas petitions filed by or on behalf of detainees in GTMO. The MCA further amends the habeas statute (and the DTA) and provides that "no court, justice, or judge shall have jurisdiction" to consider habeas petitions filed by or on behalf of detainees whom the United States has "properly" determined are enemy combatants or who are awaiting such determination. MCA § 7(a).

The D.C. Circuit, however, has not yet decided the scope of the DTA and MCA provisions stripping this court of jurisdiction over the habeas petitions filed by GTMO detainees. *Hicks v. Bush*, --- F. Supp. 2d ----, 2006 WL 2699305, at * 4 (D.D.C. Sept. 21, 2006) and Order, Case No. 05-5062 (D.C. Cir. Oct. 18, 2006). Stated differently, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear. "Despite the lack of finality regarding the issues on appeal, however, it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention. Allowing petitioners to meet with their lawyers is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible jurisdiction." *Feghoul v. Bush*, 2006 WL 3096856, at *1 (D.D.C. Oct. 31, 2006) (internal quotations and punctuation omitted) (quoting *Said v. Bush*, Civil Action No. 05-2384, slip. op. at 10 (D.D.C. May 23, 2006)). That said, precisely because the current jurisdictional waters are murky, the court also stays the proceedings in this case. *Id.*, at * 1-2 (citing *Wash. Metro. Transit*

2

*Comm'n v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

Lastly, the court is aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, Pet. for Writ of Habeas Corpus at 16, thereby divesting the court of jurisdiction (*de facto,* rather than through operation of the law). Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 542 U.S. 466 (2004). The court cannot allow such a scenario to unfold and will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

Accordingly, it is this 4th day of December, 2006,

**ORDERED** that the petitioners' motion for entry of a protective order is **GRANTED**, and it is

**FURTHER ORDERED** that the case is stayed pending resolution of the appeals pending before the D.C. Circuit Court of Appeals in *In re Guantanamo Detainee Cases* and *Boumediene v. Bush et al.*, and it is

**ORDERED** that the court **ENTERS** by way of reference the protective orders previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In*

3

*re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal.

**SO ORDERED.**

RICARDO M. URBINA<br>
United States District Judge