UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **ACHRAF SALIM ABDESSALAM,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 06-1761 (ESH) |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

      Petitioner Achraf Salim Abdessalam is a Libyan citizen classified as an enemy combatant and detained by the United States in Guantanamo Bay, Cuba. (Pet. at 2). Petitioner filed a petition for writ of *habeas corpus* on October 16, 2006. Before the Court is petitioner's motion for entry of the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, issued by Judge Joyce Hens Green in *In re Guantanamo Detainee Cases*, No. 02-cv-0299, *et al*. Because entry of the relevant orders is essential to petitioners' representation, *cf. Aminullah v. Bush*, No. 05-cv-1237 (D.D.C. Aug. 10, 2006) (post-DTA order requiring the production of a factual return as essential to petitioner's "effective representation" in pending proceedings), the Court has uniformly entered the orders in these cases, *see*, *e.g.*, *Kurnaz v. Bush*, No. 04-cv-1135 (D.D.C. Apr. 12, 2005).

      Respondents oppose petitioner's motion, asserting that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, ("DTA") and the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA") divest this Court of jurisdiction over *habeas* petitions filed after the enactment of the DTA on December 30, 2005. In two pending cases, *Boumediene v. Bush* and *In re Guantanamo Detainee Cases*, the D.C. Circuit will address

the effect of the MCA and DTA on district court jurisdiction over cases such as this one. Briefing was complete in these cases on November 20, 2006, but the D.C. Circuit has not yet issued an opinion. The law in this circuit regarding the effect of the jurisdiction-stripping provisions of the MCA and DTA therefore remains unclear. "Despite the lack of finality regarding the issues on appeal, however, it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention. Allowing petitioners to meet with their lawyers is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible jurisdiction." *Feghoul v. Bush*, 2006 WL 3096856, at *1 (D.D.C. Oct. 31, 2006) (internal quotations and punctuation omitted) (quoting *Said v. Bush*, Civil Action No. 05-2384, slip. op. at 10 (D.D.C. May 23, 2006)).

Accordingly, it is hereby

**ORDERED** that petitioner's motion for entry of a protective order [#5] is **GRANTED**; and it is

**FURTHER ORDERED** that the Court **ENTERS** by way of reference the November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba; the November 10, 2004 Order Addressing Designation Procedures for "Protected Information;" and the December 13, 2004 Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, each issued by Judge Joyce Hens Green in *In re Guantanamo Bay Detainee*

*Cases*, No. 02-cv-0299, *et al*.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 22, 2006